UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC LYNCH,

      Plaintiff,

  -v-              6:12-CV-1757

STATE OF NEW YORK; MATTHEW
JACOBY, individually and as an agent of the
State of New York; DARRYL LUCAS,
individually and as an agent of the State of
New York; RALPH POTASOWITS,
individually and as an agent of the State of
New York; and RUSSELL F. FETTERMAN,
individually and as agents of the State of
New York,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:         OF COUNSEL:

OFFICE OF BRIAN J. KELLOGG   BRIAN J. KELLOGG, ESQ.
Attorney for Plaintiff
901 East Brighton Avenue
Syracuse, NY 13205

HON. ERIC T. SCHNEIDERMAN   MICHAEL G. MCCARTIN, ESQ.
Attorney General for the State of New York Ass't Attorney General
Attorney for Defendants the State of New
  York, Jacoby, Lucas, and Fetterman
The Capitol
Albany, NY 12224


DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On November 21, 2012, plaintiff Eric Lynch ("plaintiff" or "Lynch") filed this action against defendants the State of New York; New York Department of Environmental Conservation ("DEC") officers Matthew Jacoby, Darryl Lucas, and Russell Fetterman; and New York State Police Trooper Ralph Potasowits (collectively "defendants").[1] Lynch brings a total of sixteen causes of action arising from ten separate interactions with New York State Police and/or DEC officers between November 2008 and October 2012. His federal claims—all brought pursuant to 42 U.S.C. § 1983 and grouped in the First Cause of Action in the complaint—include alleged deprivations of: (1) equal protection; (2) due process; (3) freedom of expression and association; (4) freedom from unlawful seizure; and (5) freedom from cruel and unusual punishment.[2]

Defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed any opposition despite being granted an extension of time to do so. Instead, at 8:15 a.m. on August 14, 2013—the day oral argument was scheduled on defendants' motion—plaintiff filed an amended complaint. Oral argument

---

[1] In February 2013 plaintiff's attorney was admonished for his failure to file affidavits to certify that any of the defendants had been served with a summons and copy of the complaint. In March, Hon. David E. Peebles, United States Magistrate Judge, reluctantly granted him an extension of time to do so. The State of New York was served in April, but plaintiff's counsel still has not filed affidavits indicating that any of the individual defendants have been served. Nonetheless, Assistant Attorney General McCartin entered an appearance on behalf of all defendants except defendant Potasowits.

[2] Plaintiff also asserts a negligent hiring, training, and supervision claim in the Third Cause of Action. The wording of this claim and the fact that it is not grouped in the First Cause of Action with the other federal claims suggests it is a state claim, not a failure to supervise/train claim pursuant to § 1983. The other state claims include five state constitutional claims that mirror the aforementioned federal constitutional claims, assault and battery, negligence, false arrest and imprisonment, prima facie tort, and intentional infliction of emotional distress.

was heard at 10:30 a.m. on that date in Utica, New York. Plaintiff's attorney acknowledged his failure to file any opposition to the motion to dismiss. Decision was reserved.

## II. FACTUAL BACKGROUND

The following factual allegations, taken from the complaint, are assumed true for purposes of the motion to dismiss.

On November 25, 2008, defendants Fetterman and Jacoby observed a dead deer near Lynch's vehicle and determined that the hunting tag on the doe was not properly filled out. They then forcibly pried open the door to plaintiff's vehicle, seized a firearm without a warrant, and proceeded to question him without first providing Miranda warnings. On May 9, 2009, Lynch voluntarily met with Fetterman and Lucas after they claimed to have a warrant for his arrest. Plaintiff was handcuffed and thrown onto the hood of a DEC vehicle, causing injury to his back. However, he was quickly released by the town justice because defendants did not have a valid warrant or other proper accusatory instrument. All charges related to the November 25 incident, except for a ticket for the improperly tagged doe, were dismissed on March 10, 2010.

Between January 2010 and October 2012, unknown DEC and State Police officers repeatedly followed Lynch's vehicle, observed him and his family members for extended periods of time, made a vulgar gesture towards him, and attempted to pressure one of his neighbors into filing a criminal complaint against him. The only other incident involving one of the named defendants occurred on April 16, 2010, when Trooper Potasowits confronted Lynch at his child's school and issued him a traffic ticket for passing a school bus. This ticket was dismissed on June 15, 2010.

Plaintiff was diagnosed with post-traumatic stress disorder in October 2012. He

attributes this condition to his arrest and continued harassment by defendants. He further claims that he is unable to work as a contractor due to the injuries suffered during the arrest.

## III. DISCUSSION

As noted, Lynch has not filed any opposition to defendants' motion. Pursuant to Local Rule 7.1(b)(3), "where a properly filed motion is unopposed and . . . the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion, unless good cause is shown." As explained below, defendants have met their burden to establish entitlement to dismissal of the complaint, and Lynch fails to identify good cause as to why such relief should not be granted.

### A. Motion to Dismiss—Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (FED. R. CIV. P. 8(a)(2)), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in

the plaintiff's favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

**B.  Defendants' Motion to Dismiss**

First, defendants correctly point out that the State of New York enjoys Eleventh Amendment immunity from all claims for money damages.  See Gollomp v. Spitzer, 568 F.3d 355, 365–66 (2d Cir. 2009).  This also applies to the individual defendants in their official capacities.  Id.

Defendants next argue that most of Lynch's claims are untimely.  The statute of limitations for § 1983 claims in New York is three years.  Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004).  As Lynch filed this action on November 21, 2012, any claims arising from incidents that occurred prior to November 21, 2009, are untimely.  Accordingly, all § 1983 claims related to the November 25, 2008, and May 9, 2009, incidents will be dismissed.

The remaining incidents involve unknown DEC officers who sat in a parking lot watching Lynch for thirty minutes, followed his vehicle on two occasions without pulling him over, made a vulgar gesture towards him once, briefly watched his father at a work site, and, while investigating a neighbor's complaint that Lynch was shooting a gun too close to a residence, unsuccessfully attempted to pressure another neighbor into filing criminal charges against him.

These incidents do not support his federal constitutional claims.  There is nothing in these allegations to suggest Lynch is a member of a suspect class or was treated differently than others similarly situated.  Nor do these incidents involve a seizure, arrest, prosecution, incarceration, chilling of his speech, or anything more than de minimis harm.  Accordingly, his equal protection, unlawful seizure, due process, cruel and unusual punishment, and freedom

of expression/association claims are wholly conclusory and fail as a matter of law.

The only other incident involves the traffic ticket issued to plaintiff by Trooper Potasowits. However, as this defendant has neither been properly served with a summons and complaint nor made an appearance in this matter, all claims against him will be dismissed. See Fed. R. Civ. P. 4(m).

In sum, all of the federal claims in the complaint are either barred by the Eleventh Amendment, untimely, or fail to state a claim upon which relief can be granted. Accordingly, all federal claims will be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), supplemental jurisdiction over any remaining state claims is declined.

### C. **Plaintiff's Amended Complaint**

As noted above, plaintiff's counsel filed an amended complaint at 8:15 a.m. on August 14, 2013. However, he never obtained consent from defendants or made a motion for leave to file such an amended pleading, as required by Federal Rule of Civil Procedure 15(a)(2) and the Local Rules of the Northern District of New York.

Federal Rule of Civil Procedure 15 permits a party to amend its pleading once "as a matter of course" within twenty-one days after serving the complaint or within twenty-one days of service of an answer or a motion to dismiss. Both of these time frames have clearly lapsed. The original complaint was filed on November 21, 2012, and the pending motion to dismiss was filed on June 12, 2013. Therefore, plaintiff was required to first obtain consent from defendants or seek leave to file an amended complaint. He did neither.

Pursuant to Local Rule 7.1, a party seeking leave to file an amended complaint must make a formal motion to do so. This motion must be supported by a memorandum of law and an unsigned copy of the proposed amended pleading. Again, plaintiff did not file a

motion, nor has he submitted a memorandum of law or a proposed amended complaint. Therefore, the amended complaint will be stricken from the docket.

Further, the only difference between the original complaint and the amended complaint is the inclusion of paragraph 14(i), which alleges that an unidentified DEC officer briefly drove a DEC vehicle onto Lynch's property at 7:00 p.m. on July 5, 2013. Even if plaintiff had made a proper motion to amend, such would be denied as futile. See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). These additional allegations, just like the others in the original complaint, do not support plaintiff's federal constitutional claims. There is nothing in these allegations to suggest plaintiff is a member of a suspect class or was treated differently than others similarly situated. Nor do these incidents involve a seizure, arrest, prosecution, incarceration, chilling of Lynch's speech, or anything more than de minimis harm.

## IV. **CONCLUSION**

In light of the above, it is

ORDERED that

1. Defendants' motion to dismiss (ECF No. 11) is GRANTED in its entirety;

2. The Complaint (ECF No. 1) is DISMISSED in its entirety; and

3. The Clerk of the Court is directed to strike the Amended Complaint (ECF No. 17) from the docket, enter judgment in favor of defendants, and close the case.

IT IS SO ORDERED.

Dated: August 14, 2013
      Utica, New York.

_____
United States District Judge